United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 17-12193-mdc
Latasha Cirwithen                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: PaulP           Page 1 of 1          Date Rcvd: Jul 25, 2019
                             Form ID: pdf900        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 27, 2019.
db              +Latasha Cirwithen,    201 High Street,    Sharon Hill, PA 19079-2114

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr               +E-mail/Text: bncnotice@ph13trustee.com Jul 26 2019 03:22:55      WILLIAM C. MILLER,
                  Office of the Chap. 13 Standing Trustee,    P.O. Box 1229,   Philadelphia, PA 19105-1229
                                                                                       TOTAL: 1

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 27, 2019                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 25, 2019 at the address(es) listed below:
            DAVID M. OFFEN    on behalf of Debtor Latasha  Cirwithen dmo160west@gmail.com,
             davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
            KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
            MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
            REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
            United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                       TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Latasha Cirwithen aka Latasha Sargent<br>　　　　　　　　　　Debtor | CHAPTER 13 |
| MIDFIRST BANK<br>　　　　　　　Movant<br>　　vs. | NO. 17-12193 MDC |
| Latasha Cirwithen aka Latasha Sargent<br>　　　　　　　　　　Debtor | |
| William C. Miller Esq.<br>　　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on the Debtor's

residence is **$5,240.03**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2019 to June 2019 at $1,073.60/month<br>July 2019 at $1,069.80/month |
| Late Charges: | April 2019 to June 2019 at $42.94/month<br>July 2019 at $42.79/month |
| Suspense Balance: | $253.18 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,240.03** |

2.     The Debtor(s) shall cure said arrearages in the following manner;

a).   On or before July 31,2019, the Debtor shall make a down payment in the

amount of **$1,103.09**;

b). Beginning on August 1, 2019 and continuing through January 1, 2020, until the

arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,069.80** on the

mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each

month (with late charges being assessed after the 15th of the month), plus an installment payment of

**$689.49** towards the arrearages on or before the last day of each month at the address below;

MIDLAND MORTGAGE
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116

b).     Maintenance of current monthly mortgage payments to the Movant

thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    July 8, 2019

Date: 7/11/2019

Date: 7/22/19

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

David M. Offen, Esquire
Attorney for Debtor

**NO OBJECTION**

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this  25th  day of _____July_____, 2019.  However, the court
retains discretion regarding entry of any further order.

_Magdeline D. Coleman_
_____
MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUTCY JUDGE